# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHARLES BRAXTON, JR.,

    Petitioner,

v.                                                          CASE NO: 8:10-cv-103-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. # 4) and Petitioner's reply (Dkt. #6). Upon review, the Court determines that the petition must be dismissed because it is untimely.

## BACKGROUND

On March 25, 1987, a jury convicted Petitioner of second degree murder and robbery with a deadly weapon. He was sentenced to two concurrent life sentences. The Florida Second District Court of Appeal affirmed his conviction, but remanded the case for resentencing. *Braxton v. State*, 537 So. 2d 713 (Fla. 2d DCA 1989). Consequently, on March 7, 1989, the trial court resentenced Petitioner to two concurrent life sentences. Petitioner again appealed and the Florida Second District Court of Appeal affirmed the sentence on December 6, 1989. *Braxton v. State*, 553 So. 2d 1172 (Fla. 2d DCA 1989). This judgment

became final 90 days later on March 8, 1990. *See Coates v. Byrd*, 211 F.3d 1225, 1226 (11th Cir. 2000). Petitioner filed several post conviction challenges to his judgment and sentence between 1990 and 1997. *See*, *e.g.*, *Braxton v. State*, 567 So. 2d 437 (Fla. 2d DCA 1990); *Braxton v. State*, 573 So. 2d 843 (Fla. 2d DCA 1990); *Braxton v. State*, 683 So. 2d 490 (Fla. 2d DCA 1996); *Braxton v. State*, 725 So. 2d 1117 (Fla. 2d DCA 1998).

Four years later, on December 27, 2001, Braxton filed a Motion to Correct an Illegal Sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. On January 22, 2002, the postconviction court summarily denied Petitioner's motion. Petitioner appealed the adverse ruling and on March 6, 2002, the appellate court filed a per curiam silent affirmance of the order denying sentencing relief. *Braxton v. State*, 818 So. 2d 507 (Fla. 2d DCA 2002). On June 23, 2003, through counsel, Petitioner filed a subsequent motion to correct illegal sentence pursuant to Rule 3.800(a). On July 28, 2003, the postconviction court rendered an order summarily denying the motion to correct sentence.

Almost five years later on June 12, 2008, Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. On July 1, 2008, the postconviction court summarily denied the Rule 3.850 motion, ruling that the motion was untimely and Petitioner did not meet the "newly discovered evidence" exception to the two-year time limit pursuant to Rule 3.850(b). Petitioner appealed and on September 16, 2009, the Second District Court of Appeal of Florida filed a per curiam unwritten opinion affirming the order denying the motion for postconviction relief. *Braxton v. State*, 17 So. 3d 1228 (Fla. 2d DCA 2009).

In August, 2008, while the Rule 3.850 appeal was pending, Petitioner filed a motion for disqualification of the postconviction judge. The motion was denied, and Petitioner appealed that ruling. On July 1, 2009, the appellate court issued an order treating the motion as a petition for writ of prohibition and denied the petition. *Braxton v. State*, 12 So. 3d 1227 (Fla. 2d DCA 2009).

Petitioner filed the instant habeas corpus petition in this Court on January 14, 2010 (Dkt. #1). He challenges his conviction on the sole ground that newly discovered evidence has revealed that he was denied his constitutional right to conflict free counsel. Petitioner alleges that he learned in October 2007 that his trial counsel, Richard Buckle, was involved in coordinating a deal between Petitioner's father, who was also facing criminal charges in an unrelated case, two FBI agents, the Chief of Police of Bradenton, and Detective Steve Abrams. Specifically, Petitioner alleges that his father was "offered a deal that would have resulted in [the Petitioner] being sentenced to six months in the juvenile detention center along with [his] father's charges being dismissed."

Without saying how, the Petitioner contends that his trial counsel's "participation in the above constitutes a conflict in his representation of [the Petitioner]." Petitioner argues that his counsel did not represent him adequately in retaliation for his father refusing the deal, and that a prime example of retaliation is that Mr. Buckle called him to testify despite previously advising him that it would be detrimental for him to take the stand in his own defense.

## EVIDENTIARY HEARING

Petitioner argues that before any further determinations are made on this claim, he is entitled to an evidentiary hearing on the matter. (Dkt. #6). However, the Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing. The provisions of the AEDPA governing evidentiary hearings in federal habeas cases are found at 28 U.S.C. §2254(e)(2), which states:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing unless the applicant shows:
> A. the claim relies on
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence . . .

Petitioner's claim is not based on subsection §2254(e)(2)(A)(i) and as discussed below Petitioner's motion fails to show that he could not have discovered the alleged new evidence earlier with the exercise of due diligence. Furthermore, the pertinent facts are fully developed in the record. Thus, there is no need for an evidentiary hearing as the court can adequately assess Petitioner's claim without further factual development. *See Smith v. Singletary*, 170 F.3d 1051, 1054 (11th Cir. 1999) and *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

## THE PETITION IS UNTIMELY

Respondent argues that the instant petition is barred by the statute of limitations. Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

As Petitioner's conviction became final prior to the enactment of the AEDPA, his one-year limitation period began to run on its date of enactment, April 24, 1996. *See Wilcox v. Fla. Dep't. Of Corrs.*, 158 F.3d 1209, 1211 (11th Cir. 1998). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

The record reveals that Petitioner filed several postconviction challenges to his judgement and sentence between 1990 and 1997. Even assuming these motions were "properly filed" and tolled the period of limitation for his habeas corpus petition through 1998, the one year deadline still would have expired during the three year gap before

Petitioner filled another postconviction motion in 2001. Therefore, in the instant case, there appears to be no dispute that if the petition were governed by the statutory provision set forth in subsection (A), it would be untimely, as the limitations period had already expired and there was no period remaining to be tolled by 2001. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Petitioner states in his reply (Dkt. #6) that his petition is timely because of the "newly discovered evidence." He argues that this Court, like the State court, overlooks that argument. For support Petitioner points to the statutory provision set forth in subsection § 2244(d)(1)(D) which provides that the limitation period runs from the latest date: "on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

An analysis under § 2244(d)(1)(D) requires the court to determine the date on which the factual predicate of petitioner's claims could have been discovered through the exercise of due diligence. According to Petitioner, the statute of limitations did not begin to run until October 2007 when his father told him by phone the circumstances surrounding his father's opportunity for a plea bargain. But the question under subsection (D) is not when the prisoner first discovers the new evidence, but when he could have learned of the evidence through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D); *see also, e.g., Slutzker v. Johnson*, 393 F.3d 373, 382 n. 9 (3rd Cir. 2004) ("[T]he statute of limitations starts running from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence, not the date on which the factual predicate

actually was discovered."); *Schlueter v. Varner*, 384 F.3d 69 (3rd Cir. 2004) (Habeas petitioner could have discovered factual predicate for conflict-of-interest claim involving trial counsel through exercise of due diligence prior to effective date of AEDPA, not on later date when petitioner actually discovered that defense co-counsel allegedly shared civil practice with prosecutor; it was inconceivable that attorneys could have hidden their office sharing arrangement from small legal community or public, and petitioner's current attorneys learned of arrangement simply by interviewing co-trial counsel, a step which could have been accomplished years earlier).

Petitioner's motion fails to show that he could not have discovered the alleged new evidence earlier with the exercise of due diligence. Petitioner's own allegations undermine any suggestion of due diligence on his part. All of the alleged new evidence comes from Petitioner's father and mother. Petitioner sets forth no facts as to why this information could not have been discovered with due diligence, particularly since his father purportedly was able to bond Petitioner out of jail before trial only because of the "deal" his father was offered by the prosecutors. Diligence would at least require him to ask: "Why is a bond available now, when it was not before?"

Because the petition is untimely it is unnecessary to proceed further in analyzing the merit of Petitioner's claim. But the Court notes that, even if the petition had been timely, it would have failed because the facts asserted do not constitute a conflict of interest.

Petitioner alleges that his father was offered a deal by the prosecution to drop the charges against his father and reduce Petitioner's sentence to six months in a juvenile

detention facility. If confronted with such an offer, the only duty of Petitioner's counsel would be to present the opportunity to Petitioner's father. Petitioner acknowledges that his counsel met this duty, but his father refused the deal. The Petitioner does not point to any other duty required of counsel. Both the Petitioner and his father would have benefitted if Petitioner's father had accepted the deal.

This Court fails to see how Petitioner's trial counsel had any divided loyalties that prevented him from effectively representing the Petitioner. *See United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir.1994). There is no conflicting interest that would prevent Petitioner's trial counsel from exploring possible plea negotiations, challenging the admission of evidence, or arguing the relative involvement and culpability of Petitioner. *See Holloway v. Arkansas*, 435 U.S. 475, 490 (1978).

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED as untimely.

2. The Clerk is directed to terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §

2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2010\10-cv-103.deny 2254.wpd