**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHARLES BRAXTON, JR.,

    Petitioner,

-vs-                                                          Case No.  8:10-CV-103-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

Before the Court is Petitioner's Motion Requesting Certificate of Appealability (Dkt. 12).  "A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

When the Court dismissed Petitioner's 28 U.S.C. § 2254 petition as untimely,[1] it also determined that Petitioner was not entitled to a certificate of appealability (see Dkt. 10 at pgs. 8-9).[2] Nothing in Petitioner's motion for a certificate of appealability convinces the Court that Petitioner has made a substantial showing of the denial of a constitutional right.

Accordingly, the Court **ORDERS** that Petitioner's Motion Requesting Certificate of Appealability (Dkt. 12) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 23, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
         Counsel of Record

---

[1] The Court also determined that even if Petitioner's petition had been timely, his substantive claim was without merit (Dkt. 10 at pgs. 7-8).

[2] See Rule 11(a), Rules Governing Habeas Corpus Cases under Section 2254 (2010) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").